CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 17 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN JOYCE, | ) | CASE NO. 7:17CV00498 |
|     Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DOTSON, ET AL., | ) | By: Hon. Glen E. Conrad |
|     Defendant(s). | ) | Senior United States District Judge |
| | ) | |

Robert Steven Joyce, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional prison living conditions and improper mental health accommodations. The court required Joyce to comply with filing prerequisites, which he has done. See 28 U.S.C. § 1915(b). Joyce has also filed motions to amend his complaint. Upon review of the record, the court concludes that Joyce's complaint must be summarily dismissed without prejudice for failure to state a claim, and his pending motions must be denied as futile.

I.

Liberally construed, Joyce's complaint alleges: (1) over the last two years, numerous officers have failed to provide Joyce with scheduled showers and/or outside recreation periods, and supervisory officers have ordered or allowed such deprivations; (2) Qualified Mental Health Professional ("QMHP") Huff placed Joyce in long-term segregation, which is unlawful; and (3) after Joyce asked to be committed for mental health treatment or to be placed in a residential treatment unit ("RTU"), Huff retaliated against him by placing him in long-term segregation. After review of the record, the court concludes that Joyce's allegations do not state any claim actionable under § 1983.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The court must dismiss a prisoner's § 1983 action about prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347-49. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1991). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Joyce's complaint does not allege that without showers or outside recreation at every scheduled opportunity, he was unable to wash himself or exercise his body in his cell. He also

does not allege that he has suffered any physical or emotional harm from missing a shower or an outdoor recreation session on occasion over the last two years. Nor does he state facts suggesting a substantial risk that he will suffer serious harm in the future from such occurrences. Therefore, the court concludes that claim (1) of Joyce's complaint fails to state any constitutional deprivation actionable under § 1983 and must be summarily dismissed.

The court also concludes that Joyce's second claim alleges that, given his mental health problems, QMHP Huff's placement of Joyce in long-term segregation was an Eighth Amendment violation. This claim must be summarily dismissed. A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). Similarly, an inmate

> is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial. The right to treatment is, of course, limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable.

Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). In addressing a claim of inadequate mental health care, the court cannot "second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment. The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." Id. at 48.

At the most, Joyce's allegations against Defendant Huff in claim (2) indicate Joyce's disagreement with the QMHP's professional judgment as to the appropriate housing assignment for Joyce with his mental health issues. Joyce has stated his preference to be committed for

3

mental health treatment or to be placed in a residential treatment unit. His own submissions, however, indicate that Huff does not find that Joyce's current circumstances and mental health conditions warrant the housing assignment that Joyce prefers. Such disagreements with professional judgments are simply not actionable under § 1983. Therefore, the court will summarily dismiss Joyce's claim (2).

Joyce's final claim in the complaint alleges that Huff made his medical judgments based on a retaliatory motive. Prison officials may not retaliate against an inmate for exercising his constitutional rights. See, e.g., Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). On the other hand, claims of retaliation against prison inmates must be treated with healthy skepticism, because many actions by prison officials are "by definition 'retaliatory' in the sense that [they are in] respon[se] to prisoner misconduct" or other concerning behaviors. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

"To state a valid claim for retaliation under section 1983, a prisoner must allege [facts showing] (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Snodgrass v. Messer, No. 7:16CV00050, 2017 WL 975992, at *4 (W.D. Va. Mar. 10, 2017), aff'd, No. 17-6360, 2017 WL 3263650 (4th Cir. Aug. 1, 2017) (quoting Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999)). He must present more than conclusory allegations of retaliation. Adams, 40 F.3d at 74. Rather, he must allege facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. See, e.g., Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action").

4

Joyce's retaliation claim fails on the causation element. He alleges no facts suggesting that Huff's decision not to seek civil commitment or RTU placement for Joyce was based on any motive other than Huff's professional judgment regarding the best housing assignment for Joyce in light of his mental health symptoms and history. With no facts showing causation, Joyce's retaliation claim is simply not plausible and must be summarily dismissed.

Finally, Joyce has filed submissions that the court construes as motions to amend this action—to add new facts and additional claims. These motions do not correct the noted factual deficiencies in Joyce's original three claims, however. Accordingly, the court concludes that the motions to amend must be denied as futile.

### III.

For the stated reasons, the court concludes that Joyce's civil action must be summarily dismissed without prejudice under 1997e(c)(1), for failure to state a claim, and that his motions to amend must be denied as futile. An appropriate order will issue this day. The clerk will send plaintiff a copy of this memorandum opinion and the accompanying order.

ENTER: This 27th day of April, 2018.

*Senior United States District Judge*